That is U.S. v. Rivera. May it please the court, again, unless the court really wants me to, I'm not going to repeat what I just said in United States v. Worth and I'll adopt those arguments, unless the court really wants me to, but it's afternoon and you already heard it half an hour ago. So, same argument. I'd like to add a couple of thoughts. This defendant, Mr. Rivera, does not have an appeal waiver. We do have a plain error issue and then a plea agreement issue because he stands convicted of just two 924C counts, no underlying Hobbs Act robbery. So, obviously, if he were to win this argument, his two convictions would be vacated and it would go back for potential proceedings on the remaining Hobbs Act robbery. And he does face significant time under the Hobbs Act robbery. I believe stacked, it's 100 years because there are 20 years each and there are five counts of Hobbs Act robbery. This underscores one of the concerns that I feel is being argued by the government is that if we make this finding, strike down Hobbs Act robbery as a crime of violence and under 924C, that the defendant somehow will go away scot-free and or will not face such a harsh sentence, which is why 924C is used in the first place because it is a consecutive sentence. In Mr. Rivera's case, it's seven years consecutive, 25 years. It's a harsh sentence. But the judge could effectuate that exact same sentence with just two Hobbs Act robberies stacked on top of each other. So, this idea that the defendants are going to all of a sudden get a pass on their admittedly violent conduct in this case is not true. I will also add that in the last case, and I know that my opposing counsel was here, so I feel like I can address this. The government said that that case was the only one where the residual clause 924C is the only issue. I actually am arguing a case on November 16th, United States v. Thomas Cureton, C-U-R-E-T-O-N, where the government's conceded that the underlying conviction does not qualify under the elements clause, so all we're arguing about is the residual clause. I wanted to add that because as far as I know, and I do keep track of these cases, those are the only two cases where the residual clause is the only issue and the elements clause is not really impacted. I will also say, and this is in our briefs as well in Rivera's case, is 924C is a statute of conviction and a sentencing statute. As I was just saying, a 924C conviction mandates a particular mandatory consecutive sentence. So, the idea that this is not a sentencing statute is really wrong because it does really control what a defendant receives from the district court judge. It actually takes discretion away from the district court judge in fashioning a sentence. So, and then finally, the government conceded in briefing in Johnson, the 2015 Johnson, that 924C's residual clause was very similar to the Armed Career Criminals residual clause. And I'm unaware of how the Solicitor General controls various United States Attorney's Offices, but that was a concession in the Supreme Court on that clause. Unless the court has further questions, I'll respond to the government's argument and rebuttal. Thank you. Thank you. May it please the court, my name is Keith Alexander and I represent the United States. Every court that has considered the question of whether Hobbs Act robberies are a crime of violence under 924C has held that it is. That it is a crime of violence under the Elements Clause of Section 924C. So, the sentencing court, therefore, simply did not commit plain error by failing to, sua sponte, become the first court in the country to hold otherwise. Plain error requires, as the court is aware, obvious error that is clear under current law. And the defendant points to no case that has held otherwise. In fact, despite this issue being litigated fairly substantially in courts throughout the country, there has been no controversy on this issue. For the Court of Appeals, the Second, the Ninth, and the Eleventh Circuit have all held that Hobbs Act robberies are a crime of violence under the Elements Clause of 924C. In this court... Well, don't you think that there are realistic possibilities of committing Hobbs Act robbery using fear of injury as opposed to force? Well, what if somebody simply demanded property while displaying tattoos of a rival gang known for horrendous violence, for example? Well, the first point on that is, Duane S. Alvarez, Gonzalez v. Duane S. Alvarez, the Supreme Court case that says that there has to be a reasonable probability, states specifically that the defendant has to point to his case or another case in which robbery has, or the case here would be robbery, was actually applied to facts like that. There is no case... I'm sorry. I missed the... What case are you referring to? It's Gonzalez v. Duane S. Alvarez. And it's a Supreme Court case in which it provides that when using a categorical approach, we don't use what the court termed a legal imagination, but rather have to look at specific cases in which the crime was actually applied to those type of facts. And here, the defendant points to no case in which the defendant contends that it's not a crime of violence, that it was applied in a certain way that it wasn't a crime of violence. And certainly here, where there is no dispute about it below as a plea, the district court can't be said to have committed plain error by holding otherwise. So, but with regard to fear of injury, Your Honor, I think that it's simply, and I'm borrowing the reasoning of Castleman, which is synonymal here, the Supreme Court decision in Castleman, it's just common sense that an act or threatened act that causes a fear of injury in someone is such that it would threaten force that would overcome the victim's resistance to relinquish that property. And so, I think there's good reason, therefore, that every court that has considered this issue has held categorically that Hobbs Act robbery is a crime of violence under the elements clause of 924C, and the district court did not plainly error in holding otherwise sua sponte for the first time. In fact, this court has held, albeit in non-presidential decisions on the question of whether to deny a second or successive 2255 motion, that Hobbs Act robbery, and I'm quoting Scott versus the United States, quote, clearly has an element to use or threaten use of force, which qualifies this as a predicate offense under section 924C's elements clause. In addition, every district court that has considered the question has held the same. So the sentencing court here did nothing close to committing plain error by accepting the defendant's plea. So I think that it's clear that the defendant didn't commit plain error on the elements clause, and so I don't think this court needs to get into the question of whether the residual clause is unconstitutionally vague. The court does not need to exercise its power of judicial review when it can make a finding on the elements clause here. We don't need to go to the residual clause. And even if the court did want to go there, again, the district court cannot be said to have committed an obvious error or plain error by failing to declare the residual clause unconstitutional when the circuits thus far that have addressed that issue have held that it is constitutional. And that is particularly pertinent when, as has been mentioned in previous cases here, the Supreme Court has taken up a similar issue in DiMaio v. Lynch. So the district court didn't plainly err by doing that. But again, I don't think the court needs to go there here. I think the court's decision here can be quite narrow, that the district court did not commit a plain error by failing to souspense a holding that Hobbs Act robbery is not a crime of violence. I do want to just briefly discuss the procedural error argument of the defense, the question of whether or not the district court committed procedural error when it imposed a five-year term of supervised release. I think this court's decision in the United States v. Dill is controlling. Dill addressed the comments made actually by this same sentencing judge, who in that case also used the word obliged and held that was not procedural error. Dill stands for the reasonable proposition that you don't just look at a statement like this in isolation. You have to look at the whole record. My only hesitation on that argument, counsel, is that we have become very scrupulous about supervised release in this court and how the district court's imposed sentence. Can we really rely on that earlier case under those circumstances? I mean, are we going to have a Stadmuller rule in this court or are we going to now say, look, this is the way it is on supervised release. You know, let's straighten out your act. Yeah. I understand the court's concern, and I'm... It's a real appearance of uneven handedness, I think, in the argument you're making. Well, I think that, you know, we have to look at the whole record here to determine if the court really believed truly that he was bound by statute to impose a five-year term of supervised release. And, or rather, did he say he felt obliged to impose a five-year term of supervised release? Morally obliged. Morally obliged, based on all the 3553A factors that he just had gone through, which was quite substantial against this particular defendant. And so to answer that question, we have to look at other parts of the record. For instance, earlier in the sentencing hearing, the district court said that the range was two to five years, articulating the guideline range. The statement of reasons, again, the court said the range for supervised release was two to five years. And that's important because there was a mandatory prison sentence here, and the statement of reasons specifically says it was bound by the statute to impose a mandatory minimum. It says nothing about a mandatory minimum it felt bound by with regard to supervised release. Similarly, at the change of plea hearing, the district court, on the record, asked the defendant to state for the record what the maximum term of supervised release was, and he said it was five years. So there, again, was an instance where the district court clearly, on the record, indicates its knowledge that it was not bound to impose a five-year term of supervised release. So all those other indications on the record, I think, support the interpretation of the district judge's final statement, that he was obliged to do so, that he was morally obliged to do so, based on the 3553A factors, rather than statutorily revised to do so. And that's why I don't think there is a procedural error here. Unless the court has any other questions of me regarding this or the Hobbs Act robbery, I'll rest on the briefs and ask the court to affirm the conviction and sentence of Mr. Rivera. Thank you. Thank you. You have five minutes. I've had a lot of time. My concern about this argument about the elements clause is we're getting into that ordinary case. The defendant hasn't shown a case of Hobbs Act robbery that doesn't have violence in it. Johnson blew out that ordinary case. That's a residual clause analysis. We are talking about elements and elements only. And when the elements don't have a use of force, and it's perhaps a means but not the only means, then it's not a crime of violence. I think I probably beat that dead horse. I'll talk about supervised release a little bit because I did not before. I think obliged means obliged. If the judge had felt morally obliged, I think he might have said morally obliged. You practice before Judge Stradmiller very often. I'm sorry? You practice before Judge Stradmiller very often. Not directly, no, Your Honor. And perhaps it may be. However, I try not, when I'm arguing, to make specific judge arguments. I make district court arguments rather than personality arguments, mostly because I don't know all of the judges in the Seventh Circuit personally. It's true that he recognized the sentencing guideline range. What he never recognized was the fact that no term of supervised release was required at all. And while supervised release is imposed in nearly every case, I can't think of a case other than a legal reentry where it hasn't been imposed, it is not, in fact, mandatory. This court's refocus on supervised release has really mandated that the court make that decision and not just merely say I feel either morally or statutorily obligated to impose this five-year sentence. I believe that he thought it was mandatory, did not consider the fact that it wasn't. So unless the court has further questions, I ask for the court to reverse and remand. Thank you. Thank you. Thanks to all counsel and the cases taken under advisement. The court will be in recess.